■ STEPHEN C. FERRARO et al., Respondents, v ANTONIA RETTALIATA et al., Appellants.—In an action, *inter alia,* for a judgment declaring Local Laws, 1989, Nos. 9 and 10 of the Town of Huntington, invalid, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Hand, J.), entered July 2, 1990, which (1) denied the defendants' motion for summary judgment, (2) granted the plaintiffs' cross motion for summary judgment, (3) declared Local Laws, 1989, Nos. 9 and 10 of the Town of Huntington null and void, and (4) permanently enjoined the implementation of the voided local laws.

Ordered that the judgment is reversed, on the law, with costs, the plaintiffs' cross motion is denied, the defendants' motion is granted, and it is declared that Local Laws, 1989, Nos. 9 and 10 of the Town of Huntington are valid and effective.

The defendants, collectively constituting the Town Board of

the Town of Huntington (hereafter referred to as the Town Board), are appealing from a judgment which, *inter alia,* declared Local Laws, 1989, Nos. 9 and 10 of the Town of Huntington "null and void," apparently on the ground that these laws should have been submitted to a referendum, because, according to the Supreme Court and the plaintiff, they abrogated powers conferred upon the Town Supervisor *(see,* Municipal Home Rule Law § 23 [2] [f]). The plaintiffs are both taxpayers in the Town of Huntington, and, at the time the action was commenced, Ferraro was the Supervisor-elect of the Town of Huntington, which is classified a suburban town *(see,* Town Law art 3-a).

Local Laws, 1989, Nos. 9 and 10 each purport to restore to the Town Board the power to appoint the administrative heads of certain departments, which power was originally vested in the Town Board, but, by Local Laws, 1986, No. 2, and Local Laws, 1988, No. 6 of the Town of Huntington, was transferred to the Town Supervisor. The plaintiffs argue that Local Laws, 1989, Nos. 9 and 10 of the Town of Huntington are invalid because they purport to abolish powers of the Town Supervisor yet were never submitted to the voters for their approval, in contravention of the mandate of Municipal Home Rule Law § 23 (2) (f).

Municipal Home Rule Law § 23 (2) (f) provides as follows:

"2. Except as otherwise provided by or under authority of a state statute, a local law shall be subject to mandatory referendum if it: * * *

"f. Abolishes, transfers or curtails any power of an elective officer".

While Local Laws, 1989, Nos. 9 and 10 attempt to transfer powers of the Town Supervisor, an elective officer *(see,* Town Law § 20 [1] [a]), by statute, a town board has the power to appoint heads and deputies of departments of town government *(see,* Town Law § 51 [1]; §§ 53-a, 53-b). Since the disputed power of appointment originally resided with the Town Board of the Town of Huntington, a body of elective officers *(see,* Town Law § 20 [1] [a]), the referendum provisions of the Municipal Home Rule Law are equally applicable to any curtailment of the Town Board's powers *(see, Matter of Doherty v Sanvidge,* 58 Misc 2d 347, 352, 353; *see also, Matter of Fogarty v Warden,* 191 Misc 916, 919-920, *affd* 273 App Div 910, *affd* 297 NY 963). Accordingly, as Local Laws, 1986, No. 2, and Local Laws, 1988, No. 6 of the Town of Huntington purported to transfer the Town Board's power of appointment

to the Town Supervisor yet were not made subject to referenda, these laws must be deemed invalid and of no effect insofar as they transferred these powers to the Town Supervisor.

Thus, there never was a valid transfer of the power of appointment from the Town Board to the Town Supervisor and Local Laws, 1989, Nos. 9 and 10 of the Town of Huntington merely restored powers improperly removed from the Town Board (see, Matter of Hanington v Town Bd., Sup Ct, Suffolk County, May 20, 1983, Lama, J.). As such, these laws are valid despite the fact that no referenda were held with respect to them. Accordingly, the defendants are entitled to judgment in their favor declaring Local Laws, 1989, Nos. 9 and 10 of the Town of Huntington valid. Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.